**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| JUDITH PONCE ALONZO<br><br>**Plaintiff**<br><br>**v.**<br><br>CICA COLLECTION AGENCY, INC.; INSURANCE COMPANIES ABC; JOHN DOE AND JANE DOE<br><br>**Defendants** | **CIVIL NO. 25-1132**<br><br>**RE:** Violations of the Fair Debt Collection Practices Act. |

## COMPLAINT

**COMES NOW**, **JUDITH PONCE ALONZO**, (from now on, the "Plaintiff"), through the undersigned counsels, and before this Honorable Court respectfully **STATES**, **ALLEGES** and **PRAYS** as **FOLLOWS**:

## I. INTRODUCTION

**1.** This case arises from the Defendant's improper and deceptive debt collection practices in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq. Defendant wrongfully pursued collection on a debt that no longer existed, relying on false, misleading, and unjustifiable claims. In its collection correspondence, the Defendant not only alleged that the Plaintiff owed a debt that did not exist, but also made unlawful threats of legal action, including the imposition of attorney's fees and costs, despite lacking any legal grounds to do so. Moreover, the Plaintiff formally contested the collection attempt through a certified letter. However, the Defendant never provided a response, underscoring its disregard for the Plaintiff's rights and applicable debt collection laws. These collection efforts, aimed at coercing payment of

funds not owed, caused Plaintiff financial harm, emotional distress, and unnecessary expenses to retain legal counsel to address Defendant's improper demands.

## II. JURISDICTION AND VENUE

**2.** Jurisdiction is invoked under the provision 28 U.S.C. §1331 and 15 U.S.C. §1692(k)(d).

**3.** Venue is proper in this District because all the events and omissions giving rise to the claims asserted in the Complaint occurred within this judicial district. In addition, Defendants are domiciled in this District and do business within this District.

## III. THE PARTIES

**4.** Plaintiff, **Judith Ponce Alonzo**, is a natural person and a citizen of the Commonwealth of Puerto Rico. At all relevant times Plaintiff has resided in the municipality of San Juan, Puerto Rico. Plaintiff is a "consumer" as such term is defined by the FDCPA.

**5.** Defendant, **CICA Collection Agency, Inc.** (from now on, "CICA" or "Defendant") is a corporation registered to do business in the Commonwealth of Puerto Rico. CICA is a domestic corporation domiciled in San Juan, Puerto Rico with a designated office address of #403 Calle del Parque Suite 3, San Juan, Puerto Rico, 00912 and PO BOX 12338, San Juan, Puerto Rico, 00914 as designated postal address. CICA is a collection agency that utilizes the instrumentalities of interstate commerce (i.e., telephone, e-mail, texts, US Mail, etc.) to conduct the business of collecting debts. On behalf of clients, CICA regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due. CICA is a debt collector as such term is defined in 15 U.S.C. §1692a(6).

**6.** Defendants, **John Doe** and **Jane Doe** are fictitious names used to identify one or more individuals whose true identities are currently unknown, but who participated in the acts and omissions giving rise to the claims committed against the Plaintiffs. These individuals may

include, but are not limited to, agents, employees, or representatives of the named Defendant, as well as their successors, assigns, or entities acting on their behalf.

**7.** Defendants, **Insurance Companies ABC**, are the insurers of the named and unknown Defendants in this proceeding. As such, they are liable for the Defendants' actions against the Plaintiffs under applicable law and are responsible for the damages and misconduct alleged in this Complaint.

## IV. <u>THE FACTS</u>

### A. GENERAL ALLEGATIONS:

**8.** Plaintiff incorporates by reference each and every preceding allegation as though fully set forth herein.

**9.** Plaintiff is an individual and a natural person.

**10.** It is alleged that Plaintiff entered into a consumer transaction (hereinafter, the "Consumer Debt") with CLARO Puerto Rico ("CLARO").

**11.** The Consumer Debt, purportedly arising from goods sold and/or services provided, was incurred primarily for personal, family, or household use, benefiting both Plaintiff and her household.

**12.** The alleged Consumer Debt qualifies as a "debt" under the definition set forth in 15 U.S.C. § 1692a(5), as it was claimed to have been incurred for personal, family, or household purposes.

**13.** As a natural person purportedly obligated to pay the alleged debt, Plaintiff meets the definition of a "Consumer" under 15 U.S.C. § 1692a(3).

**14.** On or before March 8, 2024, CLARO engaged CICA to initiate collection efforts regarding the alleged Consumer Debt.

**15.** The FDCPA defines a "debt collector" to include, among others: (1) any person who utilizes any instrumentality of interstate commerce or the mails as part of a business whose principal purpose is the collection of debts, and (2) any person who regularly collects or attempts to collect, directly or indirectly, debts owed or asserted to be owed to another. *See*, 15 U.S.C. § 1692a(6).

**16.** CICA is a collection agency that employs interstate commerce channels, including telephone, email, text messages, and the U.S. mail, to conduct its debt collection activities.

**17.** As of March 7, 2025, CICA's website, https://www.cicacollection.com, publicly confirms that CICA operates as a debt collection agency.

**18.** CICA routinely collects or attempts to collect debts on behalf of third-party creditors, either directly or indirectly.

**19.** On March 8, 2024, CICA, through its representative, sent Plaintiff a first written communication regarding the alleged Consumer Debt (hereinafter, the "Collection Letter").

**20.** The Collection Letter sought to and was designed to pressure the Plaintiff into making payment by asserting the existence of an outstanding balance.

**21.** Upon information and belief, the Collection Letter was the first time CICA contacted Plaintiff regarding the alleged Consumer Debt, and the letter advised Plaintiff of a 30-day period to dispute the debt. It further stated that if Plaintiff timely objected, CICA would obtain verification of the debt and provide a copy of such verification by mail.

**22.** The Collection Letter qualifies as a "communication" under 15 U.S.C. § 1692a(2) as it was used to convey information regarding the alleged Consumer Debt.

**23.** The Collection Letter contained false, misleading, and deceptive representations.

**24.** Specifically, it falsely asserted that Plaintiff still owed a balance to CLARO, despite the fact that prior to March 8, 2024, Plaintiff did not owe any outstanding amounts.

**25.** As of March 8, 2024, Plaintiff did not owe any amount, as claimed in the Collection Letter, to CLARO and/or any of its affiliates or agents.

**26.** In accordance with the instructions in the Collection Letter, on April 6, 2024, Plaintiff timely disputed the alleged debt by sending a certified letter, addressed to CICA, requesting verification of the debt and all supporting documents related to the claimed Consumer Debt.

**27.** Despite Plaintiff's timely dispute and request for documentation within the prescribed period, CICA failed to respond, demonstrating a disregard for Plaintiff's rights under the FDCPA and pursuant to the unlawful and noncompliance Collection Letter, which also informed of a 30-day period for any dispute.

**28.** By attempting to collect a non-existent debt through false, misleading, and unfair means, CICA engaged in unlawful collection practices in violation of the FDCPA.

**29.** As a direct result of CICA's deceptive and improper collection actions, Plaintiff was forced to expend time and financial resources to address and rectify the issue.

## V. COUNT I – VIOLATION OF 15 U.S.C. § 1692d (HARASSMENT OR ABUSE)

**30.** Plaintiff incorporates by reference each and every preceding allegation as though fully stated herein.

**31.** The Fair Debt Collection Practices Act ("FDCPA") explicitly prohibits debt collectors from engaging in any conduct that has the natural consequence of harassing, oppressing, or abusing any person in connection with the collection of a debt. *See*, 15 U.S.C. § 1692d.

**32.** Under 15 U.S.C. § 1692d, a debt collector is prohibited from using tactics intended to intimidate, pressure, or coerce a consumer into making a payment, particularly when such efforts rely on misleading, deceptive, or unlawful representations.

**33.** On March 8, 2024, CICA, through its agent, sent Plaintiff a Collection Letter regarding the alleged Consumer Debt, falsely asserting that Plaintiff owed a balance to CLARO and employing unlawful pressure tactics to induce payment.

**34.** The Collection Letter, misleadingly, represented that the balance allegedly owed was not final and could increase due to the accrual of interest, penalties, and additional charges. This statement created the false impression that Plaintiff's financial obligation could grow indefinitely unless immediate payment was made.

**35.** CICA further asserted in the letter that the alleged debt was "liquid and enforceable" and that its client had the absolute right to initiate a legal action for collection at any time.

**36.** The Collection letter also improperly warned that, should litigation be initiated, Plaintiff would be responsible for costs, expenses, and attorneys' fees—despite CICA's lack of lawful authority to unilaterally impose such liabilities.

**37.** The natural consequence of these statements was to harass, intimidate, and pressure Plaintiff into paying a debt that was never owed. The letter falsely suggested imminent legal action and financial penalties if Plaintiff failed to comply.

**38.** Moreover, while the letter stated that Plaintiff had a 30-day period to dispute the debt, CICA later failed to honor this provision. On April 6, 2024, Plaintiff sent a timely dispute letter, via Certified Mail, disputing the debt and requesting verification, yet CICA never provided the required verification or any response whatsoever.

**39.** CICA's failure to acknowledge or respond to Plaintiff's formal dispute request underscores its deceptive and coercive tactics, further violating Plaintiff's rights under the FDCPA.

**40.** CICA's conduct—relying on false claims of a growing debt, threats of legal action, and improper legal consequences—was harassing, oppressive, and abusive, in direct violation of 15 U.S.C. § 1692d.

**41.** As a result of CICA's violations of 15 U.S.C. § 1692d, Plaintiff is entitled to actual damages and statutory damages pursuant to 15 U.S.C. § 1692k.

**42.** Plaintiff is further entitled to an award of costs and attorney's fees under 15 U.S.C. § 1692k.

## VI. COUNT II – VIOLATION OF 15 U.S.C. §1692e (FALSE OR MISLEADING REPRESENTATIONS)

**43.** Plaintiff reasserts and incorporates each and every preceding allegation as if fully set forth herein.

**44.** The Fair Debt Collection Practices Act ("FDCPA") prohibits debt collectors from employing false, deceptive, or misleading representations in connection with debt collection efforts. *See*, 15 U.S.C. § 1692e.

**45.** Specifically, 15 U.S.C. § 1692e enumerates conduct that violates this prohibition, including, without limitation: **(1)** False misrepresentation of the character, amount, or legal status of a debt (§ 1692e(2)(A)); **(2)** Threatening to take legal action that cannot lawfully be taken or was never intended to be taken (§ 1692e(5)); and **(3)** Employing deceptive means to collect or attempt to collect a debt (§ 1692e(10)).

**46.** The FDCPA is a strict liability statute, meaning that a debt collector's intent or knowledge is irrelevant when determining liability for misrepresentations. *See*, Vangorden v. Second Round, Ltd. P'ship, 897 F.3d 433, 437-38 (2d Cir. 2018); Randolph v. IMBS, Inc., 368 F.3d 726, 730 (7th Cir. 2004).

**47.** Consequently, debt collectors may not make false claims under any circumstances, even if the misrepresentation was unintentional. *See*, Russell v. Equifax A.R.S., 74 F.3d 30, 33 (2d Cir. 1996); Turner v. J.V.D.B. & Assocs., Inc., 330 F.3d 991, 995 (7th Cir. 2003).

**48.** CICA's March 8, 2024, Collection Letter falsely stated that Plaintiff owed a balance of $101.88 to CLARO, constituting a direct misrepresentation of the character, amount, and legal status of the alleged debt in violation of 15 U.S.C. § 1692e(2)(A).

**49.** Specifically, CICA misrepresented the debt by falsely asserting that Plaintiff owed a balance when, in fact, no amount was due; that the Consumer Debt was "liquid and enforceable"; and that interest, penalties, and additional charges could accrue, further misleading Plaintiff into believing that the purported debt was still active and subject to further increases.

**50.** Additionally, CICA violated 15 U.S.C. § 1692e(5) by falsely threatening legal action against Plaintiff when no lawful basis existed to do so.

**51.** The Collection Letter misrepresented that the alleged debt was "liquid and enforceable", falsely implying that legal action was imminent and valid; that CICA's client had the right to initiate a lawsuit, despite the alleged debt was not owe; and that if legal action commenced, Plaintiff would be responsible for attorney's fees, legal costs, and additional expenses, even though no legal mechanism existed to impose such charges.

**52.** These false representations were designed to intimidate and coerce Plaintiff into making an unnecessary payment under the fear of escalating financial and legal consequences.

**53.** Furthermore, CICA violated 15 U.S.C. § 1692e(10), among others, by using deceptive means to pressure Plaintiff into believing that she still owed money and needed to act immediately to avoid further financial penalties.

**54.** The Collection Letter created the false impression that Plaintiff remained obligated to pay a balance to CLARO when, in fact, the debt had already been cleared; that the alleged debt was subject to continuing accumulation of interest and fees, despite no legal basis for such charges; and that immediate action was required to prevent further legal and financial consequences, even though CICA had neither the intent nor the authority to follow through with such threats.

**55.** Additionally, CICA engaged in further deceptive conduct by advising Plaintiff that she had 30 days to dispute the alleged debt and request verification, yet failed to provide any verification or response when Plaintiff exercised this right via a timely certified dispute letter on April 6, 2024.

**56.** As a result of CICA's violations of 15 U.S.C. § 1692e, Plaintiff is entitled to actual damages and statutory damages pursuant to 15 U.S.C. § 1692k.

**57.** Plaintiff is further entitled to an award of costs and attorney's fees pursuant to 15 U.S.C. § 1692k.

## VII. COUNT III – VIOLATION OF 15 U.S.C. §1692f (UNFAIR OR UNCONSCIONABLE PRACTICES)

**58.** Plaintiff realleges and incorporates by reference each and every preceding allegation as though fully set forth herein.

**59.** The Fair Debt Collection Practices Act ("FDCPA") expressly prohibits debt collectors from employing unfair or unconscionable means to collect or attempt to collect a debt. *See,* 15 U.S.C. § 1692f.

**60.** CICA violated 15 U.S.C. § 1692f by attempting to collect a debt that Plaintiff did not owe. Specifically, in its March 8, 2024, Collection Letter, CICA demanded payment of $101.88 for an alleged Consumer Debt that was not owed prior to that date.

**61.** Demanding payment for a debt that was not owed is inherently unfair and unconscionable. By doing so, CICA knowingly placed Plaintiff in a position of financial and legal uncertainty,

coercing her into expending time, effort, and financial resources to contest an obligation that no longer existed.

**62.** CICA's conduct was further unfair and deceptive because its Collection Letter falsely represented that the stated balance was not final and could increase due to interest, penalties, and additional charges; that the alleged debt was "liquid and enforceable"; and that CICA's client had the right to initiate legal proceedings, falsely implying that Plaintiff was at immediate risk of litigation.

**63.** Additionally, CICA violated 15 U.S.C. § 1692f by falsely threatening legal action, attorney's fees, and court costs in connection with the alleged debt. These threats were legally baseless and served no purpose other than to intimidate Plaintiff into making a payment she did not owe.

**64.** By sending the deceptive and coercive Collection Letter, CICA unfairly caused Plaintiff to dispute a non-existent debt, forcing her to incur unnecessary monetary costs to verify and challenge CICA's unlawful collection attempt.

**65.** Plaintiff timely disputed the Consumer Debt by sending a dispute letter via Certified Mail on April 6, 2024, within the 30-day period specified in the Collection Letter. However, CICA failed to provide any verification or response, further compounding its unfair and unconscionable conduct by disregarding Plaintiff's statutory rights.

**66.** As a result of CICA's violations of 15 U.S.C. § 1692f, Plaintiff is entitled to an award of actual damages and statutory damages pursuant to 15 U.S.C. § 1692k.

**67.** Plaintiff is further entitled to an award of costs and attorney's fees under 15 U.S.C. § 1692k.

## VIII. COUNT IV – VIOLATION OF 15 U.S.C. §1692g (VALIDATION OF DEBTS)

**68.** Plaintiff reasserts and incorporates by reference each and every preceding allegation as though fully set forth herein.

**69.** 15 U.S.C. § 1692g(b) states in relevant part:

> **[ . . . ]**
>
> **If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed**, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, **until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector**. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.
>
> **[ . . . ]**

*See*, 15 U.S.C. § 1692g(b). (emphasis ours).

**70.** On April 6, 2024, within the prescribed 30-day dispute period, Plaintiff sent a written dispute via certified mail, contesting the alleged debt and requesting all supporting documentation related to the claim.

**71.** CICA failed to provide any verification, judgment, or original creditor information in response to Plaintiff's written request, violating the express requirements of 15 U.S.C. § 1692g(b).

**72.** By ignoring Plaintiff's dispute and failing to verify the alleged debt, CICA denied Plaintiff the statutory protections afforded under § 1692g(b) and engaged in unlawful debt collection practices.

**73.** As a result of CICA's failure to comply with federal law, Plaintiff suffered monetar damages, unnecessary stress, confusion, and financial burden, requiring legal assistance to rectify CICA's noncompliance.

**74.** Plaintiff is entitled to actual damages, statutory damages, and attorneys' fees and costs pursuant to 15 U.S.C. § 1692k for CICA's violation of 15 U.S.C. § 1692g(b).

## IX. DAMAGES AND REMEDIES REQUESTED

**75.** Plaintiff reasserts and incorporates by reference each and every preceding allegation as though fully set forth herein.

**76.** As a direct and proximate result of CICA's repeated violations of the FDCPA, Plaintiff has suffered significant financial, emotional, and physical harm, for which she is entitled to full and fair compensation.

**77.** Plaintiff sufferred actual monetary damages. For example, these expenses include, but are not limited to, attorney's fees for investigating, disputing, and litigating CICA's false and deceptive collection efforts; the monetary costs associated with sending a Certified Mail dispute letter, which CICA unlawfully ignored; the opportunity costs of wasted time and effor in having to research and dispute CICA's false debt collection efforts; and additional financial burdens resulting from CICA's coercive and misleading statements regarding the alleged Consumer Debt.

**78.** CICA's persistent and misleading collection attempts also caused Plaintiff to suffer severe emotional distress, anxiety, and undue financial insecurity due to the false claim that Plaintiff owed a balance to CLARO when, in fact, no amount was due; the baseless threats of accumulating interest, penalties, and legal action; and the disruption of Plaintiff's financial peace of mind, forcing her to spend time, effort, and resources disproving a debt that did not exist.

**79.** As a result of CICA's conduct, Plaintiff also suffered physical distress effects, including but not limited to headaches; muscle tension and more, all directly resulting from the stress, anxiety, and mental anguish caused by CICA's unlawful collection practices.

**80.** Given CICA's willful disregard for Plaintiff's rights and repeated violations of the FDCPA, Plaintiff seeks statutory and punitive damages to deter CICA and similar entities from engaging in future unlawful conduct.

**81.** Plaintiff respectfully requests the following relief from this Court: **(1)** Actual damages, in an amount to be determined at trial, but no less than $30,000.00, for the economic, emotional, and physical harm suffered as a direct result of CICA's unlawful actions; **(2)** Statutory damages for each violation of the FDCPA, as provided under 15 U.S.C. § 1692k(a)(2)(A); **(3)** Punitive damages, in an amount sufficient to punish CICA for its egregious conduct and deter similar future violations; **(4)** Reasonable attorneys' fees and litigation costs, as provided under 15 U.S.C. § 1692k(a)(3); **(5)** Declaratory relief finding that CICA's conduct violated the FDCPA; and Any additional relief this Court deems just and appropriate.

**WHEREFORE,** Plaintiff respectfully requests from this Honorable Court to grant this Complaint and enter judgment against Defendants in accordance with the relief requested herein.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico this March 7th of 2025.

**THE BATISTA LAW GROUP, PSC.**
Capital Center I
239 Ave Arterial de Hostos Suite 206
San Juan, Puerto Rico, 00918-1475
**Telephone:** (787) 620-2856
**Facsimile:** (787) 777-1589

*/s/ Jesus E. Batista Sánchez*
Jesus E. Batista Sánchez, Esq.
USDC-PR No. 227014

E-mail: jeb@batistasanchez.com

*/s/ Josef J. Pagán Maisonet, Esq.*
Josef J. Pagán Maisonet, Esq.
USDC-PR No. 309710
E-mail: jjp@batistasanchez.com